INMATE PAY
The pay limitation contained in Section 2, Ch. 325 O.S.L. 1975, would apply only to inmate pay received under the Inmate Incentive Pay Program which is funded from the specific appropriation from the General Revenue Fund made in that section and would not apply to any inmate pay received from any other source of funds, including revolving funds, federal funds and pay to prisoners on work release. The pay limitation or restriction contained in the above-cited statute would apply to those prisoners under the jurisdiction of the Department of Corrections who are receiving pay pursuant to the Inmate Incentive Pay Program to the extent that such pay is funded from the appropriation contained in Section 2, Ch. 325 O.S.L. 1975. The pay limitations or restrictions contained in the above-cited statute would not apply to prisoners employed under a work release program by private businesses, nor to any prisoners employed by the Highway Patrol or the Governor's Office to maintain the grounds of the Governor's mansion, so long as the source of pay for such prisoners is other than from the specific appropriation made by Section 2, Ch. 325 O.S.L. 1975. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Does the pay limitation for inmates contained in Section 2, Ch. 325
O.S.L. 1975, apply to the appropriation made by that section from the General Revenue Fund to the Department of Corrections or does it apply to inmate pay from any source of funds including the Revolving Fund, Federal Funds, and pay for prisoners on work release? 2. Does this limitation apply to all prisoners under the jurisdiction of the Department of Corrections, including those prisoners employed by the Highway Patrol who are paid $58.00 per month, and those prisoners employed by the Governor's Office to maintain the grounds of the Governor's mansion, who are paid $60.00 per month? Concerning inmate pay generally, 57 O.S. 510 [57-510] (1975), provides in part, as follows: "The Director shall have the following specific powers and duties relating to the penal institutions: . . . " 4. To maintain such industries, factories, plants, shops, farms and other enterprises and operations, hereinafter referred to as prison industries, at each institution as he deems necessary or appropriate to employ the prisoners, or teach them skills, or to sustain the institution; and in his discretion to allow compensation for their work, labor or services, the amounts thus allowed to be kept by the Warden of the institution for the prisoners and given to them upon their discharge from the institution or upon their order paid to their families or dependents or used for their own personal needs, except for twenty percent (20%) of the prisoner's income which shall be placed into an account and payable to the prisoner upon his discharge. . . ." Section 2, Ch. 325
O.S.L. 1975, reads in part as follows: "There are hereby appropriated to the Department of Corrections, from any monies in the General Revenue Fund of the State Treasury, for the fiscal year ending June 30, 1976, not otherwise appropriated, the following amounts, or so much thereof as may be required for the purposes specified: "Inmate Incentive Pay Program $253,968.00 The Department of Corrections is authorized to transfer to the various institutions, within the limits of this appropriation, monies to accomplish an inmate incentive pay program based on the following scale plan: unskilled labor, $4.00 per month; semi-skilled labor, $6.00 per month; skilled labor, $8.00 per month; trusties, $10.00 per month." From a plain reading of the foregoing statutory provisions, it is evident that the pay limitations for inmates contained in Chapter 325 only apply to the specific appropriation made in that statute of $253,968.00 from the General Revenue Fund. Further, a plain reading of both of the statutes quoted above evidences no legislative intent to make the pay limitations contained in Chapter 325 applicable to any other source of funds including revolving funds, federal funds, and any pay received by a prisoner on a work release program. Concerning your second question, for the reasons stated in answer to your first question, the pay limitations or restrictions contained in Section 2, Ch. 325, would apply to prisoners under the jurisdiction of the Department of Corrections who are participating in the inmate incentive pay program to the extent that their pay under that program is funded from the appropriation contained in Section 2, Ch. 325 O.S.L. 1975. Further, for the reasons stated in answer to your first question, the pay restriction or limitation contained in Chapter 325 would not apply to prisoners on work release that are being employed by private businesses. Additionally, such limitations or restrictions on pay would not apply to those prisoners employed by the Highway Patrol or the Governor's Office to maintain the grounds of the Governor's mansion so long as the source of pay for those prisoners is other than from the specific appropriation made in Section 2, Ch. 325 O.S.L. 1975. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The pay limitation contained in Section 2, Ch. 325 O.S.L. 1975, would apply only to inmate pay received under the Inmate Incentive Pay Program which is funded from the specific appropriation from the General Revenue Fund made in that section and would not apply to any inmate pay received from any other source of funds, including revolving funds, federal funds and pay to prisoners on work release. The pay limitation or restriction contained in the above cited statute would apply to those prisoners under the jurisdiction of the Department of Corrections who are receiving pay pursuant to the Inmate Incentive Pay Program to the extent that such pay is funded from the appropriation contained in Section 2, Ch. 325 O.S.L. 1975. The pay limitations or restrictions contained in the above-cited statute would not apply to prisoners employed under a work release program by private businesses, nor to any prisoners employed by the Highway Patrol or the Governor's Office to maintain the grounds of the Governor's mansion, so long as the source of pay for such prisoners is other than from the specific appropriation made by Section 2, Ch. 325
O.S.L. 1975. (Gerald E. Weis)